IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| AUTOBAHN SPECIALISTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:11-CV-03196-BCW |
| | ) | |
| SOCIAL UPS, LLC, et al., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Defendants Social UPS, LLC, Virtual Lending Source, LLC, and Telnform, LLC's Motion to Dismiss Certain Claims Asserted by Plaintiff (Doc. #28).

The Court being duly advised of the premises, for good cause shown, and for the reasons stated below, denies Defendants' Motion.

### MOTION TO DISMISS STANDARD

A complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted if it fails to plead sufficient facts, accepted as true, "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection

1

Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (citation omitted).

When ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the [nonmoving party]" and must also draw all reasonable inferences in favor of the nonmoving party. Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008). But the Court need not accept as true a legal conclusion couched as a factual allegation. Iqbal, 556 U.S. at 678.

## DISCUSSION

### A. Count III: Violation of Missouri Computer Tampering Act

Defendants argue Plaintiff has failed to state a recoverable claim under Mo. Rev. Stat. §§ 569.097 *et seq.*, ("Missouri Computer Tampering Act"), because any damage incurred by Plaintiff's receipt of a one-page fax is miniscule. Defendants posit a one-page fax sent to Plaintiff's computer system occupies a negligible amount of temporary memory and printing a one-page fax costs mere pennies. Defendants cite the doctrine of *de minimis non curat lex* in support of this argument.

Though the Court recognizes the receipt of a single one-page fax sent to a single business fax machine results in minimal damages, Plaintiff has plead sufficient facts to state a claim under the Missouri Computer Tampering Act.

The owner of a computer system may bring a civil suit against any person who violates Mo. Rev. Stat. §§ 569.095 to 569.099 [regarding criminal computer tampering] for compensatory damages, including all reasonable expenses incurred to verify the computer's system was not altered or damaged, and attorneys' fees. Mo. Rev. Stat. § 537.525(1)–(2) (2012). Computer tampering is broadly defined as improperly interfering

2

with, or making unwanted alterations to equipment or data storage devices used in a computer, computer system, or computer network. Mo. Rev. Stat. § 569.097 (2012). Likewise, "computer" is broadly defined to include "internal communications devices, such as internal modems capable of sending or receiving electronic mail or fax cards." Mo. Rev. Stat. § 556.063(2) (2012).

Plaintiff's First Amended Complaint alleges Defendants tampered with the "internal storage device, paper, and toner of Plaintiff's telephone facsimile machine without Plaintiff's authorization." First Amended Complaint, Doc. #24, ¶52. With all reasonable inferences drawn in Plaintiff's favor for purposes of reviewing the Motion to Dismiss, the Court concludes Mo. Rev. Stat. § 537.525 could be construed to include any unauthorized tampering with the memory or mechanism of a telephone facsimile machine.

Defendants further suggest Plaintiff's claim under Mo. Rev. Stat. § 537.525 must fail because Plaintiff failed to allege Defendants were charged with violating Missouri's criminal computer tampering statutes. Though a plain reading of the statute seems to indicate criminal computer tampering is a prerequisite for recovery under Mo. Rev. Stat. § 537.525, precedent exists to suggest a violation of Mo. Rev. Stat. §§ 569.095, *et seq.* may be a proper jury question notwithstanding a charge of criminal computer tampering against Defendants. See Western Blue Print Co., LLC v. Roberts, et al., 367 S.W.3d 7, 20 (Mo. 2012) (affirming trial court's denial of motion for directed verdict because there existed a reasonable inference defendant-employee knowingly deleted plaintiff-employer computer data in violation of Mo. Rev. Stat. § 537.525(1)).

The Court therefore concludes Plaintiff has stated a cause of action for civil damages under Mo. Rev. Stat. § 537.525 and Defendant's Motion to Dismiss as to Count III of Plaintiff's First Amended Complaint is denied.

### B. Count IV: Invasion of Privacy – Intrusion into Seclusion

Defendants seek to dismiss Count IV of Plaintiff's First Amended Complaint, which alleges Defendants obtained Plaintiff's telephone facsimile machine number "from the directories of professional business associations." First Amended Complaint, Doc. #24, ¶58. Defendants posit Plaintiff waived any reasonable expectation of privacy in the fax number by taking steps to make the fax number available in a business directory. Defendants also argue this claim is precluded because any damages incurred by the receipt of an unwanted one-page fax are *de minimis*.

The Court disagrees with Defendants and denies Defendants' Motion to Dismiss as to Count IV of Plaintiff's First Amended Complaint. With all reasonable inferences drawn in Plaintiff's favor, the Court concludes Defendants sent unsolicited facsimile advertisements to multiple telephone facsimile numbers obtained from business directories. Because the unsolicited advertisements were sent to multiple numbers, the Court infers, for purposes of reviewing the Motion to Dismiss, the amount of damages incurred are not *de minimis* to the point of precluding recovery.

The Court further concludes Plaintiff has factually stated a claim for intrusion into seclusion. Missouri law requires Plaintiff to allege (1) the existence of private subject matter; (2) Plaintiff's right to keep that subject matter private; and (3) "the obtaining of information about that subject matter by defendant through some method objectionable to [a] reasonable man." Engman v. Sw. Bell Tel. Co., 631 S.W.2d 98, 100 (Mo. Ct. App.

4

1982) (citation omitted). The gravamen of an intrusion into seclusion claim is the manner in which the alleged private information is obtained. Doe by Doe v. B.P.S. Guard Servs., Inc., 945 F.2d 1422, 1427 (8th Cir. 1991).

Within the context of the Telephone Consumer Protection Act ("TCPA"), of which Plaintiff alleges a violation in Count I of the Amended Complaint that Defendants' Motion to Dismiss does not put at issue, a business fax number listed in a trade publication or directory does not imply a business's consent to receive uninvited faxes. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014 (Federal Communications Commission 2003).

Plaintiff alleges its business fax number is a private matter because Plaintiff provides the number only for business-related purposes, Plaintiff asserts the right to enjoy uninterrupted use of its telephone facsimile machine for business purposes, and Defendants unreasonably obtained Plaintiff's telephone facsimile number from professional association directories.

Though Plaintiff's intrusion into seclusion claim is separate from Plaintiff's claim under the TCPA, the Federal Communications Commission ("FCC") has stated a business fax number is private information to the extent that a business should be able to release its fax number for a limited purpose without exposing itself to unsolicited fax advertisements. The FCC has indicated a business facsimile number could be construed as private information in a limited capacity. For purposes of Defendants' Motion to Dismiss, the Court concludes Plaintiff has stated a claim for intrusion into seclusion and Defendants' motion is denied as to this claim.

### C. Count V: Negligence

Defendants argue the doctrine of *de minimis non curat lex* precludes Plaintiff's claim of negligent faxing because Plaintiff's alleged damages are those "resulting from temporary loss of use of its facsimile machine and permanent loss of facsimile machine toner and paper." First Amended Complaint, Doc. # 24, ¶65.

To state a cause of action for negligence, Plaintiff must allege a legal duty, Defendants' breach of that duty, proximate cause, and actual damages to Plaintiff's person or property. Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc. / Special Products, Inc., 700 S.W.2d 426, 431 (Mo. 1985). Damages that are miniscule to the point of nonexistence require application of the *de minimis non curat lex* doctrine. Brandt v. Bd. of Educ. of City of Chicago, 480 F.3d 460, 465 (7th Cir. 2007). Nominal damages can be awarded for constitutional violations, as well as for intentional torts. Id. However, "such an award presupposes a violation of sufficient gravity to merit a judgment, even if significant damages cannot be proved." Id.

The Court agrees with Defendants that damages resulting from the unwanted receipt of a single one-page fax to a single Plaintiff are *de minimis* and likely preclude a cause of action for negligence. However, Plaintiff's First Amended Complaint includes a request that the Court "enter an order pursuant to Rule 23(c)(1) that this action is to be maintained as a class action." First Amended Complaint, Doc. #24, ¶ 65.

Plaintiff asks this Court to certify as a class all persons to whom Defendants transmitted unsolicited facsimile advertisements between April 22, 2007 and April 22, 2011. If the Court certifies this purported class, it is likely each Plaintiff's damages in the aggregate would overcome the *de minimis* damages obstacle to the negligence claim.

However, Plaintiff's First Amended Complaint alleges only the bare minimum of class certification prerequisites under Fed. R. Civ. P. 23(c)(1). Plaintiff names no other plaintiffs specifically, but purports to bring action on behalf of all others similarly situated. With all inferences drawn in Plaintiff's favor for purposes of reviewing Defendants' Motion to Dismiss, the Court finds Plaintiff has conceivably set forth a claim for negligence. Therefore, Defendants' Motion is denied as to Plaintiff's negligence claim. However, because this cause was initially filed on June 2, 2011, Plaintiff should, at this point, have more thorough information regarding the putative class members in this matter. Plaintiff is directed to file an amended request for class certification within thirty (30) days of this Order which sets forth sufficient facts from which the Court can determine whether class certification is appropriate.

## CONCLUSION

IT IS HEREBY ORDERED Defendants' Motion to Dismiss (Doc. #28) is DENIED. It is further

ORDERED Plaintiff shall file an amended request for class certification within thirty (30) days of this Order.

IT IS SO ORDERED.


DATED: <u>September 18, 2012</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT